**TO: Clerk's Office**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**



**APPLICATION FOR LEAVE**
**TO FILE DOCUMENT UNDER SEAL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

United States

-v.-  21-MJ-533
          Docket Number

Leonel Brazoban and
David Saavedra
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SUBMITTED BY: Plaintiff____ Defendant____ DOJ ✓
Name: David Lizmi
Firm Name: USAO EDNY
Address: 271 Cadman Plaza East
              Brooklyn, NY 11201
Phone Number: 347-482-9477
E-Mail Address: david.lizmi@usdoj.gov

INDICATE UPON THE PUBLIC DOCKET SHEET: YES ____ NO ✓
If yes, state description of document to be entered on docket sheet:

**A) If pursuant to a prior Court Order:**
Docket Number of Case in Which Entered:_____
Judge/Magistrate Judge:_____
Date Entered _____

**B) If a new application,** the statute, regulation, or other legal basis that authorizes filing under seal

Ongoing Investigation

**ORDERED SEALED AND PLACED IN THE CLERK'S OFFICE, AND MAY NOT BE UNSEALED UNLESS ORDERED BY THE COURT.**

DATED: Brooklyn            , NEW YORK

                                    May 3, 2021

**U.S. MAGISTRATE JUDGE**

RECEIVED IN CLERK'S OFFICE_____
                                                    DATE

**MANDATORY CERTIFICATION OF SERVICE:**
A.) ___ A copy of this application either has been or will be promptly served upon all parties to this action, **B.)** ___ Service is excused by 31 U.S.C. 3730(b), or by the following other statute or regulation:_____; or **C.)** ____ This is a criminal document submitted, and flight public safety, or security are significant concerns. (Check one)

May 3, 2021
_____        _____
DATE                                         SIGNATURE

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| United States of America | ) |
|---|---|
| v. | ) |
| Leonel Brazoban | ) Case No. 21-MJ-533 (PK) |
| | ) |
| Defendant | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* Leonel Brazoban,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☑ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

Narcotics trafficking conspiracy, in violation of Title 21, United States Code, Section 846.

Date: 05/04/2021
City and state: Brooklyn, NY

*Issuing officer's signature*

Peggy Kuo, US MJ
*Printed name and title*

### Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

*Arresting officer's signature*

*Printed name and title*

AO 442  (Rev. 11/11)  Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender:

Known aliases:

Last known residence:

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers:

Place of birth:

Date of birth:

Social Security number:

Height:                              Weight:

Sex:                                 Race:

Hair:                                Eyes:

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use:

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number:

Complete description of auto:

Investigative agency and address:

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| United States of America<br>v.<br>**Leonel Brazoban**<br><br>_Defendant_ | ) ) ) ) ) ) ) Case No.  21-MJ-533 (PK) |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
_(name of person to be arrested)_   Leonel Brazoban                                                                                                ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☑ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

Narcotics trafficking conspiracy, in violation of Title 21, United States Code, Section 846.

Date:  05/04/2021

City and state:   Brooklyn, NY

_Issuing officer's signature_

Peggy Kuo, US MJ
_Printed name and title_

---

**Return**

This warrant was received on _(date)_ _____ , and the person was arrested on _(date)_ _____
at _(city and state)_ _____.

Date: _____

_Arresting officer's signature_

_Printed name and title_

AO 442  (Rev. 11/11)  Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: _____

Known aliases: _____

Last known residence: _____

Prior addresses to which defendant/offender may still have ties: _____

Last known employment: _____

Last known telephone numbers: _____

Place of birth: _____

Date of birth: _____

Social Security number: _____

Height: _____  Weight: _____

Sex: _____  Race: _____

Hair: _____  Eyes: _____

Scars, tattoos, other distinguishing marks: _____

History of violence, weapons, drug use: _____

Known family, friends, and other associates *(name, relation, address, phone number)*: _____

FBI number: _____

Complete description of auto: _____

Investigative agency and address: _____

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: _____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____

HDM:DJL/ADW
F.# 2018R00998

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | COMPLAINT AND AFFIDAVIT IN SUPPORT OF ARREST WARRANT |
| - against - | (T. 21, U.S.C., § 846)) |
| LEONEL BRAZOBAN and DAVID SAAVEDRA, | 21-MJ- 533 |
| Defendants. | **TO BE FILED UNDER SEAL** |

- - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

GARY BAILEY, being duly sworn, deposes and states that he is a Special Agent with the Internal Revenue Service ("IRS"), duly appointed according to law and acting as such.

In or about and between April 2021 and May 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants, LEONEL BRAZOBAN and DAVID SAAVEDRA, together with others, did knowingly and intentionally conspire to possess with intent to distribute a controlled substance, which offense involved a substance containing methamphetamine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of methamphetamine involved in the conspiracy attributable to the defendants as a

result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers.

(Title 21, United States Code, Section 846)

The source of your deponent's information and the grounds for his belief are as follows:[1]

## INTRODUCTION

1. I am a Special Agent with the IRS and have been so employed for approximately nine years. In my capacity as an IRS Special Agent, I am responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for federal narcotics offenses, narcotics trafficking into the United States and money laundering offenses. I have participated in investigations involving arrest warrants, and the use of surveillance, confidential informants, cooperating defendants and undercover operations. I have also received training to (a) review and analyze taped conversations and records of drug traffickers and money launderers and (b) debrief cooperating drug traffickers and money launderers. Through my training, education and experience, I have also become familiar with (a) the manner in which illegal drugs are imported and distributed; (b) the method of payment for such drugs; and (c) the efforts of persons involved in such activity to avoid detection by law enforcement, such as through the laundering of monetary instruments and the concealment of evidence of crimes.

---

[1] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

2. I am familiar with the facts and circumstances set forth below from my participation in the investigation described herein. The facts set forth in this affidavit are based, in part, on information that I have learned from the review of written documents prepared by, and conversations with, members of the IRS and Drug Enforcement Administration ("DEA") and other law enforcement agencies and investigators; surveillance; and my review of documents obtained by subpoena. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

**PROBABLE CAUSE TO ARREST THE DEFENDANTS**

3. The IRS and Drug Enforcement Administration ("DEA") are conducting a criminal investigation of individuals, Leonel Brazoban and David Saavedra, and other unidentified subjects regarding possible violations of Title 21, United States Code, Sections 841 and 846.

4. Beginning in approximately March of 2021, a confidential source ("CS-1")[2] advised law enforcement officers of a narcotics trafficking operation operating across the United States, including within New York City. Specifically, CS-1 discussed individuals distributing multi-pound quantities of crystal methamphetamine, commonly referred to as "crystal meth" or "meth."

---

[2] CS-1 has been working with the DEA and IRS since approximately July 2019 after having been arrested in connection with drug charges. CS-1's information has proven to be reliable in this investigation and his previous cooperation has resulted in the discovery of several narcotics trafficking operations throughout the United States and Mexico.

3

5.     CS-1 informed law enforcement agents that on March 29, 2021, he received a phone call from an individual whose name is unknown to law enforcement but is referred to as "Kiko."   Kiko told CS-1 to contact Kiko's associate to facilitate the receipt of a sample of crystal methamphetamine in New York City.

6.     CS-1 contacted Kiko's associate, who law enforcement subsequently identified as the defendant, DAVID SAAVEDRA, via the telephone number provided by Kiko.[3]   During that brief call, SAAVEDRA instructed CS-1 to call him using the mobile phone application, Signal.[4]   CS-1 then called SAAVEDRA via Signal and the two agreed to arrange a meeting in the New York City area to provide CS-1 with a one pound sample of crystal methamphetamine for $4,500 in United States currency.   SAAVEDRA told CS-1 that he was the owner of the one pound of crystal methamphetamine and operates his business out of the Bronx, New York.   SAAVEDRA told CS-1 that he would be willing to send an associate to meet in Queens, New York.   The two agreed to arrange for an exchange on March 30, 2021 at approximately 3 p.m.   Finally, SAAVEDRA informed CS-1 that he

---

[3]   Law enforcement identified Kiko's associate as the defendant, DAVID SAAVEDRA. In subsequent conversations with CS-1's associate, SAAVEDRA notified CS-1's associate, in sum and substance, that he was flying into John F. Kennedy ("JFK") International Airport on May 2, 2021, arriving at a specific time.   Law enforcement confirmed that SAAVEEDRA was flying into JFK Airport and observed SAVEEDRA exiting the flight. Law enforcement also confirmed that his ticket was purchased, and that he flew, under the name of "David Saavedra."   Subsequently, law enforcement surveilled SAAVEDRA check into a hotel booked for him by LEONEL BRAZOBAN in BRAZOBAN's name.

[4]   The "Signal" application is an end-to-end encryption cellular phone application that permits the users to make phone calls and send text messages without outsiders – or the Signal platform itself – being able to see the content of those calls or messages.

had two pounds of crystal methamphetamine available, but that he anticipated receiving a shipment of five to ten pounds more by the coming Friday.

7. On March 30, 2021, CS-1 contacted DAVID SAAVEDRA via text message and advised him to have his associate to meet CS-1's associate at a BJ's parking lot located in Long Island City, Queens. SAAVEDRA informed CS-1 that he would notify his associate and get back to CS-1.

8. A short time later, DAVID SAAVEDRA called CS-1 and informed CS-1 that he gave the information to his associate. Law enforcement subsequently learned that SAAVEDRA's associate was the defendant, LEONEL BRAZOBAN.[5] SAAVEDRA indicated, in sum and substance, that LEONEL BRAZOBAN would be arriving at the location at approximately 4 p.m. SAAVEDRA called again soon after and informed CS-1 that BRAZOBAN was approximately 20 minutes away. SAAVEDRA told CS-1 that BRAZOBAN was a black male wearing a black shirt and gray pants and that he would arrive in a gray Toyota.

---

[5] Following LEONEL BRAZOBAN's meeting with CS-1's associate, as discussed below, law enforcement agents surveilled BRAZOBAN back to his apartment and entered the address into a law enforcement database revealing the defendant's identity. The law enforcement database also contained a photograph of BRAZOBAN which confirmed he was the individual who met with CS-2.

9. CS-2[6] then met with LEONEL BRAZOBAN and CS-2 provided BRAZOBAN with money in exchange for the narcotics. This meeting was surveilled by law enforcement agents.[7]

10. Law enforcement met with CS-2 following his/her meeting with LEONEL BRAZOBAN and took custody of the package that BRAZOBAN provided. In sum and substance, and in part, CS-2 indicated to law enforcement agents that he/she arrived and flashed his/her headlights to signal to BRAZOBAN. In sum and substance, CS-2 stated that BRAZOBAN walked over to CS-2's vehicle and entered in the rear driver's side door and sat down. CS-2 confirmed with BRAZOBAN that the price for the one pound of crystal methamphetamine was $4,500 in United States currency. BRAZOBAN took the narcotics out of his bag and gave them to CS-2. CS-2 then provided the $4,500 in cash to BRAZOBAN as payment. BRAZOBAN counted the money and advised CS-2 that it was good. CS-2 offered to exchange phone numbers, but BRAZOBAN advised CS-2 that he

---

[6] CS-1's "associate" was another confidential source working with law enforcement (hereinafter "CS-2"). In or about February 2018, CS-2 was arrested in the Eastern District of New York pursuant to a complaint charging him with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of Title 21, United States Code, Section 846. CS-2's information has proven reliable and been corroborated by independent evidence including surveillance, phone records, vehicle registration records and controlled narcotics purchases. CS-2 is cooperating with law enforcement authorities with the hope that CS-2 will be able to plead guilty to a cooperation agreement and receive leniency at sentencing.

[7] Prior to CS-2's meeting with BRAZOBAN, CS-2 met with law enforcement agents who searched CS-2 for weapons and contraband. Finding none, law enforcement surveilled CS-2 en route to and during the meeting with BRAZOBAN. Law enforcement agents then met CS-2 immediately after the meeting.

would have to confirm with his boss before doing so.  This meeting was recorded by law enforcement agents.

11. DAVID SAAVEDRA then called again later to confirm that LEONEL BRAZOBAN met with CS-1's associate.  SAAVEDRA confirmed that BRAZOBAN delivered the narcotics to CS-2 and received the $4,500 in return.

12. CS-1 called Kiko that evening to inform him that he/she had received the crystal methamphetamine in New York.  Kiko informed CS-1 that he anticipated that his associates in New York would receive another shipment and would be ready to supply CS-1 with more the following week.

13. Law enforcement agents field tested the narcotics received from LEONEL BRAZOBAN, which returned a positive result for methamphetamine.  Agents also provided the narcotics to the DEA Northeast Laboratory for additional testing and are awaiting the results.

14. On April 11, 2021, CS-1 contacted Kiko by telephone.  CS-1 informed Kiko that everything went well with the sample purchase and that CS-1 would like to purchase six pounds of crystal methamphetamine.  Kiko informed CS-1, in sum and substance, that the reason he arranged for the meeting with Brazoban was to help CS-1 build his clientele in New York.  Kiko also stated, in sum and substance, that once CS-1 developed a steady clientele in New York, that Kiko would provide 20-30 pounds of crystal methamphetamine per week.

15. CS-1 then contacted DAVID SAAVEDRA that same day.  SAAVEDRA informed CS-1, in sum and substance and in part, that he would be ready to sell more

narcotics in New York the following week and that he intended to send LEONEL BRAZOBAN again to drop off the narcotics. SAAVEDRA indicated that he had been working with BRAZOBAN for years.

16. On April 21, 2021, CS-1 contacted DAVID SAAVEDRA again to schedule the purchase of narcotics. On this call, SAAVEDRA confirmed that he would have LEONEL BRAZOBAN meet at a location of CS-1's choosing to exchange the money for the narcotics.

## SEALING REQUEST

IT IS FURTHER REQUESTED that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including this affidavit and the requested arrest warrants. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits via the Internet and disseminate them to other criminals as they deem appropriate, e.g., by posting them publicly through online forums. Therefore, premature disclosure of the contents of this affidavit and related documents will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, and notify confederates.

WHEREFORE, your deponent respectfully requests that arrest warrants be issued so that the defendants LENOEL BRAZOBAN and DAVID SAAVEDRA may be dealt with according to law.

Dated: Brooklyn, New York
       May __, 2021

/s/ Gary Bailey
_____
GARY BAILEY
Special Agent
Drug Enforcement Administration

Sworn to before me, telephonically, this
 3rd   day of May, 2021

_____
THE HONORABLE PEGGY KUO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK